**Renée E. Rothauge, OSB #903712**
reneerothauge@markowitzherbold.com
**Harry B. Wilson, OSB #077214**
HarryWilson@markowitzherbold.com
MARKOWITZ HERBOLD PC
1211 SW Fifth Avenue, Suite 3000
Portland, OR 97204
Telephone: (503) 295-3085
Facsimile: (503) 323-9105

**Christopher S. Marchese** (admitted *pro hac vice*)
marchese@fr.com
**Seth M. Sproul** (admitted *pro hac vice*)
sproul@fr.com
**Oliver J. Richards** (admitted *pro hac vice*)
orichards@fr.com
**Tucker N. Terhufen** (admitted *pro hac vice*)
terhufen@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

*Attorneys for Defendant Seirus Innovative Accessories, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT COURT OF OREGON, PORTLAND DIVISION

| | |
|---|---|
| **COLUMBIA SPORTSWEAR NORTH AMERICA, INC.,** an Oregon corporation,<br><br>Plaintiff,<br><br>v.<br><br>**SEIRUS INNOVATIVE ACCESSORIES, INC.,** a Utah corporation, **VENTEX CO., LTD.,** a foreign company, **MICHAEL J. CAREY,** an individual, **WENDY M. CAREY,** an individual, **ROBERT (BOB) MURPHY,** an individual, **KYUNG-CHAN GO,** an individual, **MAN-SIK (PAUL) PARK,** an individual, and **JOHN DOE NUMBERS 1-5,** individuals,<br><br>Defendants. | Case No.: 3:19-cv-00137-SI<br><br>**SEIRUS INDIVIDUALS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, FOR LACK OF VENUE, FOR INSUFFICIENT SERVICE, AND FOR FAILURE TO STATE A CLAIM**<br><br>Hon. Michael H. Simon<br><br>**ORAL ARGUMENT REQUESTED** |

**Page i - SEIRUS INDIVIDUALS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, FOR LACK OF VENUE, FOR INSUFFICIENT SERVICE, AND FOR FAILURE TO STATE A CLAIM**

# TABLE OF CONTENTS

**Page(s)**

LOCAL RULE 7 CERTIFICATION ...............................................................................1

MOTION ..........................................................................................................................1

INTRODUCTION .............................................................................................................2

BACKGROUND ...............................................................................................................4

LEGAL STANDARDS ......................................................................................................8

ARGUMENT ....................................................................................................................9

I.   THIS COURT MUST DISMISS THE SEIRUS INDIVIDUAL
     DEFENDANTS FOR LACK OF PERSONAL JURISDICTION .............................9

     A.   Applying Traditional Principles of Personal Jurisdiction, None of the Seirus
          Individuals Are Subject to Jurisdiction in Oregon.................................11

          1.   Columbia Cannot Establish General Personal Jurisdiction...................11

          2.   Columbia Cannot Establish Specific Personal Jurisdiction ..................12

     B.   Columbia's Theories of Personal Jurisdiction Are Both Insufficient...............16

          1.   Columbia's Allegations That Defendants "Purposefully Directed"
               Actions at Oregon Are Insufficient after *Walden* ....................................16

          2.   RICO Does Not Confer Jurisdiction in Oregon, Because All
               Defendants are Subject to Jurisdiction in California .............................17

II.  THIS COURT SHOULD DISMISS OR TRANSFER FOR IMPROPER
     VENUE ................................................................................................................18

     A.   Oregon Is an Improper Venue.......................................................................19

          1.   The "General" Venue Statute Does Not Allow Venue in Oregon.......19

          2.   RICO Does Not Provide for Venue in Oregon.....................................20

          3.   The "Residency" Provision Does Not Provide Venue ..........................22

     B.   Even If Venue Is Technically Proper in Oregon, the Court Should Transfer
          the Case to the Southern District of California Because It Is the More
          Convenient Venue........................................................................................22

III. THE COURT SHOULD DISMISS WENDY CAREY AND ROBERT
     MURPHY BECAUSE THEY WERE NOT PROPERLY SERVED ........................24

IV.  COLUMBIA'S COMPLAINT FAILS TO ADEQUATELY STATE ANY
     CLAIMS FOR RELIEF.........................................................................................25

CONCLUSION ........................................................................................................................25

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Action Embroidery Corp. v. Atl. Embroidery, Inc.,*
   368 F.3d 1174 (9th Cir. 2004)............................................................................................9

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ........................................................................................................19

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.,*
   874 F.3d 1064 (9th Cir. 2017) .............................................................................10, 12, 16

*Boschetto v. Hansing,*
   539 F.3d 1011 (9th Cir. 2008) ..........................................................................................11

*Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S. F. Cty.,*
   137 S. Ct. 1773 (2017) .....................................................................................................11

*Brockmeyer v. May,*
   383 F.3d 798 (9th Cir. 2004) .............................................................................................9

*Burger King Corp. v. Rudzewicz,*
   471 U.S. 462 (1995) .........................................................................................................12

*Butcher's Union Local No. 498 v. SDC Inv., Inc.,*
   788 F.2d 535 (9th Cir. 1986) ......................................................................................10, 17

*Calder v. Jones,*
   465 U.S. 783 (1984) .........................................................................................................16

*Carlson v. Martin,*
   160 Or App 350 (1999), *rev den,* 329 Or 287 (1999) ....................................................24

*City of New York v. Cyco. Net, Inc.,*
   383 F. Supp. 2d 526 (S.D.N.Y. 2005) ..............................................................................21

*Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories,*
   Case No. 17-cv-1781 (S.D. Cal. Sept. 29, 2017) ..............................................................5

*Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories,*
   Case Nos. 18-1329, -1331, -1728 (Fed. Cir.) ....................................................................5

*Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories, Inc.*,
  265 F. Supp. 3d 1196 (D. Or. 2017) .................................................................4

*Columbia Sportswear North America, Inc. v. Seirus Innovative Accessories, Inc.*,
  No. 3:15-cv-00064-HZ (D. Or.), D.I. 259 .......................................................18

*Core-Vent Corp. v. Nobel Indus. AB*,
  11 F.3d 1482 (9th Cir. 1993) ...........................................................................14

*Costlow v. Weeks*,
  790 F.2d 1486 (9th Cir. 1986) .........................................................................20

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) ................................................................................. 13, 17

*Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*,
  840 F.2d 685 (9th Cir.1988) .............................................................................9

*Dow Chem. Co. v. Calderon*,
  422 F.3d 827 (9th Cir. 2005) .................................................................... 10, 13

*First Interstate Bank v. VHG Aviation, LLC*,
  291 F. Supp. 3d 1176 (D. Or. 2018) ...............................................................22

*Gatz v. Pensoldt*,
  271 F. Supp. 2d 1143 (D. Neb. 2003) .............................................................21

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 915(2011)..........................................................................................17

*Helicopteros Nacionales De Colombia v. Hall*,
  466 U.S. 408 (1984) ................................................................................. 11, 12

*Holland Am. Line Inc. v. Wartsila N. Am., Inc.*,
  485 F.3d 450 (9th Cir. 2007) ...........................................................................17

*Jones v. GNC Franchising, Inc.*,
  211 F.3d 495 (9th Cir. 2000) ...........................................................................23

*Keeton v. Hustler Magazine*,
  465 U.S. 770 (1984) .........................................................................................13

*Lightspeed Aviation, Inc. v. Bose Corp.*,
  2010 U.S. Dist. LEXIS 106607 (D. Or. Sept. 30, 2010)..................................23

**Page v - SEIRUS INDIVIDUALS' MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION, FOR LACK OF VENUE, FOR INSUFFICIENT SERVICE,
AND FOR FAILURE TO STATE A CLAIM**

*Mavrix Photo, Inc. v. Brand Techs., Inc.,*
 647 F.3d 1218 (9th Cir. 2011) ........................................................................................12

*McCormack v. Medcor, Inc.,*
 2014 U.S. Dist. LEXIS 66502 (N.D. Cal. May 14, 2014) ......................................23

*Microsoft Corp. v. TiVo, Inc.,*
 No. C11-00134, 2011 U.S. Dist. LEXIS 53774 (W.D. Wash. May 19, 2011) ...................23

*Pac. Car & Foundry Co. v. Pence,*
 403 F.2d 949 (9th Cir. 1968) ........................................................................................21

*Pfister v. Selling Source, LLC,*
 931 F. Supp. 2d 1109 (D. Nev. 2013) ........................................................................13

*Piedmont Label Co. v. Sun Garden Packing Co.,*
 598 F.2d 491 (9th Cir. 1979) ................................................................................. 8, 19

*S.J. v. Issaquah Sch. Dist. No. 411,*
 470 F .3d 1288, 1293 (9th Cir. 2006) ............................................................................9

*Schwarzenegger v. Fred Martin Motor Co.,*
 374 F.3d 797 (9th Cir. 2004) ..........................................................................................8

*Van Schaick v. Church of Scientology of California, Inc.,*
 535 F. Supp. 1125 (D. Mass. 1982) ..........................................................................21

*Ventex Co., Ltd. v. Columbia Sportswear N. Am., Inc.,*
 IPR Nos. 2017-00789 and -00651 .................................................................................5

*Ventex Co., Ltd. v. Columbia Sportswear N. Am., Inc.,*
 IPR2017-00789 (PTAB Feb. 20, 2018) .......................................................................6

*Ventex Co., Ltd. v. Columbia Sportswear North America, Inc.,*
 IPR2017-651 (PTAB Nov. 19, 2018) ...........................................................................4

*Walden v. Fiore,*
 571 U.S. 277 (2014) .............................................................................................*passim*

*Wash. Shoe Co. v. A-Z Sporting Goods Inc.,*
 704 F.3d 668 (9th Cir. 2012) ........................................................................................16

## Statutes

18 U.S.C. § 1965 ...........................................................................................17, 19, 20

**Page vi - SEIRUS INDIVIDUALS' MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION, FOR LACK OF VENUE, FOR INSUFFICIENT SERVICE,
AND FOR FAILURE TO STATE A CLAIM**

18 U.S.C. § 1965(a) ............................................................................................. 20, 21

28 U.S.C. § 1391(b)(2) ....................................................................................... 19, 20

28 U.S.C. § 1391(c)(3) ....................................................................................... 19, 22

28 U.S.C. § 1404(a) ........................................................................................... 22, 23

28 U.S.C. § 1406(a) .................................................................................................. 9

35 U.S.C. § 315(b) .................................................................................................... 6

Cal. Civ. Proc. Code § 425.16 ............................................................................... 15

**Other Authorities**

First Amendment .................................................................................................. 14

Fourteenth Amendment ....................................................................................... 11

Fed. R. Civ. P. 4(k)(2) ......................................................................................... 17

Fed. R. Civ. P. 12(b)(2) ......................................................................................... 1

Fed. R. Civ. P. 12(b)(3) ......................................................................................... 1

Fed. R. Civ. P. 12(b)(6) ................................................................................. 3, 4, 25

Or. R. Civ. P. 7(D)(2)(c) ...................................................................................... 24

ORCP 7(D)(2) ....................................................................................................... 24

## LOCAL RULE 7 CERTIFICATION

Counsel for Seirus met and conferred with Columbia regarding the content of this motion on March 11, 2019. (*See* Declaration of Seth Sproul ("Sproul Decl.") submitted in support of this motion at ¶ 2.) Before that meeting, Seirus' counsel emailed counsel for Columbia setting forth the primary basis for the motion, including citations to relevant case law, so that the parties could have a substantive discussion. (*See* Sproul Decl., Ex. 1.)[1]

On the meet and confer, counsel for Seirus explained why jurisdiction is lacking in this Court, including discussing the supporting case law. (*See* Ex. 2 at 1.) Seirus also asked what additional defendants Columbia intended to add to this case that might change the jurisdictional calculus, and Columbia indicated that the only parties Columbia intended to add were a Seirus employee in San Diego and additional Korean nationals. (*Id.*) In addition, since the original meet and confer, Columbia's counsel has stated that Columbia only intends to add the single Seirus employee (from San Diego) to the case, and not any additional Korean nationals, or anyone else. (*See id.*) Columbia opposes this motion.

## MOTION

Defendants Michael J. Carey, Wendy M. Carey, and Robert ("Bob") Murphy (together, the "Seirus Individuals") move this Court to dismiss them from this case under Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6) because the Court lacks personal jurisdiction over them, because venue is improper, and because Columbia's First Amended Complaint

---

[1] Unless otherwise noted, all exhibits are attached to the Sproul Declaration submitted in support of this motion.

**Page 1 - SEIRUS INDIVIDUALS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, FOR LACK OF VENUE, FOR INSUFFICIENT SERVICE, AND FOR FAILURE TO STATE A CLAIM**

fails to state a claim on which relief can be granted.  Defendants Ms. Carey and Mr. Murphy also move to dismiss because service was defective.

## INTRODUCTION

The Seirus Individuals lack any connection to Oregon.  Columbia acknowledges that none of the Seirus Individuals are residents of Oregon.  The only acts alleged to have been taken by Seirus Individuals in Oregon relate to other litigation, though none of these individuals were even parties to that litigation and only one of them (Mr. Carey) set foot in Oregon in defense of that litigation.  Neither the Seirus Individuals' alleged participation in litigation in Oregon nor any alleged participation in IPR proceedings in Virginia before the Patent Office involving patents owned by an Oregon corporation are sufficient basis for an Oregon court to have jurisdiction over them.

Columbia nevertheless alleges that jurisdiction is proper in Oregon for two primary reasons, each of which is flawed.  First, Columbia alleges that jurisdiction over the Seirus Individuals in Oregon is proper because they allegedly targeted Columbia in Oregon by seeking to cancel claims from two of Columbia's patents.  The Supreme Court, however, has rejected this "targeting" theory of personal jurisdiction, and the Ninth Circuit has since recognized that simply taking actions that affect a defendant in a given forum does not give rise to jurisdiction in that forum.  Second, Columbia argues that jurisdiction in Oregon is proper because the federal RICO statute allows for nationwide jurisdiction in certain limited circumstances. The Ninth Circuit has held that the exercise of nationwide personal jurisdiction is only appropriate, however, where no other jurisdiction exists in which all defendants are subject to personal jurisdiction.  Contrary to Columbia's conclusory allegations, each of the

**Page 2 - SEIRUS INDIVIDUALS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, FOR LACK OF VENUE, FOR INSUFFICIENT SERVICE, AND FOR FAILURE TO STATE A CLAIM**

Seirus Individuals are subject to general jurisdiction in the Southern District of California, and the only other defendants in this case are the Seirus corporate entity (which is based in San Diego) and Korean nationals, who are subject to nationwide personal jurisdiction. The Southern District of California would have personal jurisdiction over all defendants, so that is where this case should have been brought.

The case should additionally be dismissed because Oregon is an improper venue. Neither the general venue statute nor the RICO-specific venue provision allow for this case to be brought in Oregon. The central locus of the acts alleged by Columbia is California— the Seirus Individuals are located there, the payments underlying the scheme alleged by Columbia originated there, and the communications between Seirus and Ventex in furtherance of the alleged scheme all occurred from California. Only a few peripheral acts occurred in Oregon, mainly as a result of other litigation pending between Columbia and Seirus—litigation that was later transferred to the Southern District of California because venue was improper in Oregon. As none of the defendants reside or conduct business in Oregon, Oregon is an improper venue.

As to service, defendants Wendy Carey and Robert Murphy should be dismissed in this case because Columbia failed to properly serve them. Columbia attempted to effectuate service against these two individuals by mailing uncertified copies to the Seirus corporate headquarters. Under Oregon law, this is insufficient, and, absent proper service, this Court lacks jurisdiction over Ms. Carey and Mr. Murphy.

Lastly, this case should be dismissed under Fed. R. Civ. P. 12(b)(6) as to the Seirus Individuals because Columbia fails to state claims upon which relief can be granted. Seirus

has filed a Rule 12(b)(6) motion on the same date as this motion, and the reasons for dismissal stated in that motion are the same for the Seirus Individuals.  The Seirus Individuals join that motion and request dismissal for all the reasons stated there.

## BACKGROUND

This litigation is the most recent installment in Columbia's litigation campaign waged against Seirus and Ventex.  Columbia started its campaign by suing Ventex in Korea in 2013, alleging infringement of the Korean counterpart to the U.S. patents Columbia now alleges Seirus and Ventex conspired to invalidate.  (*See* Petitioner's Opening Brief Regarding Time-Bar Issues, Paper 104, at 2, *Ventex Co., Ltd. v. Columbia Sportswear North America, Inc.*, IPR2017-651 (PTAB Nov. 19, 2018).)  Ventex successfully defended that attack, invalidating the patent in a decision that was eventually affirmed by the Korean Supreme Court.  (*See id.*)

Columbia then turned to litigation in the U.S.  In 2015, Columbia brought suit against Seirus (the corporate entity) in Oregon alleging that Seirus infringed two utility patents, U.S. Patents 8,424,119 and 8,453,270, which Columbia now accuses Seirus of conspiring to invalidate, and a design patent owned by Columbia.  In that case, Columbia alleged that Seirus' "HeatWave" products, which include gloves, hats, and socks for sports such as skiing, infringed the three patents.  Judge Hernandez transferred that case to the Southern District of California after determining that Oregon was an improper venue.

Columbia's U.S. case against Seirus also resulted in a finding of no liability on the two patents that are the subject of Columbia's allegations here.  Columbia had been asserting claims 2 and 16 of the '119 patent and claims 2 and 23 of the '270 patent, but Columbia dropped the '119 patent just before trial.  *See Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories,*

*Inc.*, 265 F. Supp. 3d 1196, 1208 (D. Or. 2017).  The jury returned a verdict invalidating the only two asserted claims of the '270 patent.  (*See* Jury Verdict, D.I. 377, *Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories*, Case No. 17-cv-1781 (S.D. Cal. Sept. 29, 2017).)  In post-trial rulings, the Court upheld the verdict, and an appeal is currently pending.  (*See* Order Denying Post-Trial Motions, D.I. 455, *Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories*, Case No. 17-cv-1781 (S.D. Cal. Mar. 13, 2018); *see also generally Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories,* Case Nos. 18-1329, -1331, -1728 (Fed. Cir.).)  If the jury's verdict of invalidity is affirmed, as Seirus fully expects, Seirus will have no liability for alleged infringement of the '270 patent, regardless of the outcome of the IPRs that Columbia alleges Seirus and Ventex conspired together to file challenging that patent.  Moreover, having dropped the '119 patent, Columbia is now precluded from asserting that Seirus infringes that patent, and thus, once again, regardless of the outcome of the IPRs, Seirus will have no liability for the '119 patent.  None of the Seirus Individuals were parties to that litigation.

While the case against Seirus was pending, Ventex—the supplier of liner fabric that is used in the allegedly infringing HeatWave products—sought to invalidate the utility patents asserted against Seirus.  Ventex filed two petitions with the U.S. Patent and Trademark Office seeking *inter partes* review of three of the four claims of the '119 and '270 patents that were asserted against Seirus.  (*See Ventex Co., Ltd. v. Columbia Sportswear N. Am., Inc.*, IPR Nos. 2017-00789 and -00651.)  Notably, Ventex's IPRs did ***not*** challenge claim 23 of the '270 patent, which was at issue in the Seirus/Columbia trial.  So Ventex's IPRs could not have eliminated Seirus' potential infringement liability, even if Ventex was completely successful.

**Page 5 - SEIRUS INDIVIDUALS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, FOR LACK OF VENUE, FOR INSUFFICIENT SERVICE, AND FOR FAILURE TO STATE A CLAIM**

Columbia's complaint here is largely based on the allegation that Ventex intentionally failed to name Seirus as a "real party in interest" in the IPRs.  The relevant statutes prohibit the Patent Office from instituting an IPR when it is filed over a year after the petitioner, or a real party in interest, or a privy was sued for infringement.  *See* 35 U.S.C. § 315(b).  Columbia had sued Seirus for infringement over a year before Ventex filed its IPRs.  So Columbia's theory appears to be that Ventex supposedly hid Seirus' alleged involvement in the IPRs to avoid that time bar.  In the IPRs, the Patent Office ultimately found that Ventex had not met its burden of proof to show that Seirus was not a real party in interest or that there was no privity between Ventex and Columbia, so it terminated the IPRs.  (*See* Termination Order, Paper 152, *Ventex Co., Ltd. v. Columbia Sportswear N. Am., Inc.*, IPR2017-00789 (PTAB Feb. 20, 2018).)  Ventex has indicated it will appeal that decision to the Federal Circuit, and that appeal is forthcoming.  Seirus did not actually participate or file any papers in the IPRs setting forth its position on any of those issues.

With its Korean patent invalidated, and with its U.S. utility patents currently unenforceable against Seirus, Columbia now brings this suit.  Columbia alleges that Seirus (the corporate entity) and the Seirus Individuals conspired with Ventex and its employees to invalidate certain claims of Columbia's utility patents in IPR.  (*See generally*, FAC, at ¶¶ 1–6.)  Each of Columbia's claims rely on the same set of alleged facts.  In particular, Columbia alleges that Seirus and Ventex conspired to evade the one-year time limit for seeking IPR in 35 U.S.C. § 315(b).  (*See id.*)  Columbia alleges that instead of seeking IPR of Columbia's patent itself, Seirus directed and paid Ventex to file the IPRs on its behalf without identifying Seirus as the real party in interest to the IPRs.  (*See id.*)  As Seirus will show when addressing the merits,

Columbia's allegation makes no sense. Seirus had no reason to pay Ventex to file IPRs that fail to challenge the patent claims Columbia asserted against Seirus.

Although Columbia sued in Oregon, none of the defendants reside in Oregon or have any tangible connection to Oregon. None of the Seirus Individuals live in Oregon, work in Oregon, own any property in Oregon, or otherwise have any connection to the state. (*See* Declaration of Michael Carey, ¶¶ 14-20; Declaration of Wendy Carey, ¶¶ 2-6; Declaration of Bob Murphy, ¶¶ 2-6.) The only time any of the Seirus Individuals have even been in Oregon in the recent past was to attend hearings or mediation in connection with the earlier litigation brought by Columbia in Oregon, which, as mentioned above, was transferred to the Southern District of California on venue grounds. (*See* Declaration of Michael Carey, ¶¶ 18-19.) The only other defendants are the Seirus corporate entity, which is incorporated in Utah, has its principal place of business in San Diego, has made only minimal sales unconnected with this case in Oregon; a Korean Company (Ventex); and Korean nationals (the Ventex individual defendants). (*See* Declaration of Michael Carey, ¶¶ 2, 7-10.)

Very few, if any, of the events underlying Columbia's claims have any connection to Oregon either. Columbia alleges violation of the federal RICO statute and the Oregon RICO statute, as well as both statutory and common law fraud under Oregon and Virginia state law. (*See generally* FAC, at ¶¶ 220–394.) The alleged acts underlying Columbia's complaint include: (1) Seirus entering into an agreement with Ventex whereby Seirus in California would pay for Ventex in Korea to pursue IPRs against the Columbia patents (*see generally id.* at ¶¶ 86–88; ¶ 96); (2) Seirus paying Ventex to fund the IPRs (*see generally id.* at ¶¶ 89–95); (3) Ventex electronically filing two IPR petitions with the Patent Office in Virginia, identifying itself as

the real party in interest to the IPRs (*see generally id.* at ¶¶ 103–107; ¶¶ 114–117); (4) communications between Seirus in California and Ventex in Korea (*see id.* at ¶¶ 134–144; ¶¶ 200–204); (5) Seirus notifying the Oregon district court that Ventex had filed IPRs (*see id.* at ¶ 150); (6) Seirus moving, both in writing and orally, in this Court to stay the patent case against it in light of the Ventex IPRs (*see id. at* ¶¶ 241-243, 338); (7) Ventex moving to stay patent litigation brought by Columbia against it in Oregon based on the Ventex IPRs (*see generally id.* at ¶¶ 158–161); and (8) alleged discovery violations by Ventex in the IPRs (*see generally id.* at ¶¶ 176–194).   The center of Columbia's allegations—an alleged conspiracy between Seirus and Ventex—did not touch Oregon at all.   The only events alleged to have happened in Oregon relate to participation in other litigation by Seirus and Ventex after already having been haled into this Court, and depositions given by Ventex defendants Messrs. Go and Park but only after the Board had ordered them to be deposed in Oregon.   And, again, this Court ultimately found that Columbia's case against Seirus did ***not*** belong in Oregon and transferred it to California on venue grounds.

## LEGAL STANDARDS

The plaintiff bears the burden of demonstrating that the court's exercise of jurisdiction is proper.  *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).  A plaintiff cannot solely rest on the bare allegations of its complaint, but uncontroverted allegations in the complaint must be taken as true.  *Id.*  If a Court does not have personal jurisdiction over a defendant, it must dismiss.  *See id.*

A plaintiff has a similar burden to demonstrate that venue is proper in the court in which the action is brought.  *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496

(9th Cir. 1979).  On a motion to dismiss for improper venue, a "defendant over whom personal jurisdiction exists but for whom venue is improper may move for dismissal or transfer under 28 U.S.C. § 1406(a)." *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1181 (9th Cir. 2004). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

Lastly, after a challenge to service of process, the "plaintiff[] bear[s] the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).  "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under" Rule 4.  *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).  As such, when service of process is insufficient, the court has discretion either to dismiss the action without prejudice or to quash service. *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F .3d 1288, 1293 (9th Cir. 2006).

## **ARGUMENT**

## I.    THIS COURT MUST DISMISS THE SEIRUS INDIVIDUAL DEFENDANTS FOR LACK OF PERSONAL JURISDICTION

Columbia alleges two bases of jurisdiction, neither of which is sufficient to confer personal jurisdiction.  First, Columbia alleges that jurisdiction over the Seirus Individuals exists because they allegedly "purposefully directed" actions at Oregon in participating in a scheme designed to invalidate claims of patents owned by an Oregon company and to stay pending litigation against Seirus.  (*See, e.g.,* FAC, at ¶ 24.)  Columbia's argument is wrong, however, at least because it is based on outdated law.  In *Walden v. Fiore*, 571 U.S. 277, 283 (2014), the Supreme Court rejected jurisdiction based on a theory of "individualized targeting" of a

**Page 9 - SEIRUS INDIVIDUALS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, FOR LACK OF VENUE, FOR INSUFFICIENT SERVICE, AND FOR FAILURE TO STATE A CLAIM**

plaintiff, holding that the personal jurisdiction inquiry must focus on the defendant's relevant contacts with the forum state. As the Ninth Circuit has since recognized, "following *Walden*, … while a theory of individualized targeting may remain relevant to the minimum contacts inquiry, it will not, on its own, support the exercise of specific jurisdiction, absent compliance with what *Walden* requires." *See Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1070 (9th Cir. 2017). The only actual contact with Oregon by the Seirus Individuals relates to preparing declarations in support of a motion to stay filed by the Seirus corporate entity in the patent infringement case, (*see* FAC, ¶¶ 30-32), which cannot confer jurisdiction. *See Dow Chem. Co. v. Calderon*, 422 F.3d 827, 836 (9th Cir. 2005) (holding that even consenting to personal jurisdiction in an earlier case does not waive personal jurisdiction in subsequent case).

Columbia next alleges that even if this Court would otherwise not be able to exercise jurisdiction over the Seirus Individuals, the Court can nonetheless keep them in this case because RICO allows for nationwide jurisdiction where the "ends of justice require" it. (*See, e.g.,* FAC, at ¶ 25.) Columbia is again wrong. This Court could exercise national jurisdiction over the Seirus defendants only if no other jurisdiction exists that would have personal jurisdiction over all defendants. *See Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 539 (9th Cir. 1986) (holding that "[f]or nationwide service to be imposed under section 1965(b), the court must have personal jurisdiction over at least one of the participants in the alleged multidistrict conspiracy and the plaintiff must show that there is no other district in which a court will have personal jurisdiction over all of the alleged co-conspirators"). Here, the Southern District of California has personal jurisdiction over all defendants, so this Court cannot exercise nationwide jurisdiction over them.

**Page 10 - SEIRUS INDIVIDUALS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, FOR LACK OF VENUE, FOR INSUFFICIENT SERVICE, AND FOR FAILURE TO STATE A CLAIM**

### A. Applying Traditional Principles of Personal Jurisdiction, None of the Seirus Individuals Are Subject to Jurisdiction in Oregon

"The Due Process Clause of the Fourteenth Amendment constrains a State's authority to bind a nonresident defendant to a judgment of its courts." *Walden*, 571 U.S. at 283. "Although a nonresident's physical presence within the territorial jurisdiction of the court is not required, the nonresident generally must have 'certain minimum contacts…such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'.'" *Id.* These contacts may arise in jurisdiction in two independent ways: general jurisdiction and specific jurisdiction. *See Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008). Columbia cannot establish that either is present here.

### 1. Columbia Cannot Establish General Personal Jurisdiction

This Court does not have general personal jurisdiction over any of the Seirus Individuals. General jurisdiction may be found where a defendant has acted "continuous[ly] and systematic[ally]" in a forum state. *See Helicopteros Nacionales De Colombia v. Hall*, 466 U.S. 408, 415-16 (1984). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S. F. Cty.*, 137 S. Ct. 1773, 1780 (2017). None of the Seirus Individuals are domiciled in Oregon. (*See* Declaration of Michael Carey, ¶¶ 14-15; Declaration of Wendy Carey, ¶¶ 2-3; Declaration of Bob Murphy, ¶¶ 2-3.) None of them own any property in Oregon. (*See id.*) The only time in which any of them have even been in Oregon in the recent past is to attend hearings or mediation in connection with the patent litigation brought by Columbia that was eventually transferred to the Southern District of California for improper venue. (*See* Declaration of Michael Carey, ¶¶ 18-19.) Indeed, nowhere does Columbia allege that any of the Seirus

Individuals have the type of "continuous and systematic" contacts with Oregon that would be required for a defendant to be subject to the general personal jurisdiction of an Oregon court. *See Helicopteros*, 466 U.S. at 416.

### 2. Columbia Cannot Establish Specific Personal Jurisdiction

This Court also does not have specific jurisdiction over any of the Seirus Individuals. "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." *Axiom*, 874 F.3d at 1068. "There are three requirements for a court to exercise specific jurisdiction over a nonresident defendant: (1) the defendant must either purposefully direct his activities toward the forum or purposefully avail himself of the privileges of conducting activities in the forum; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Id.* (internal quotation marks and alterations omitted). Columbia bears the burden of satisfying the first two prongs. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011). If Columbia satisfies the first two prongs, the Seirus Individuals must present a "compelling case" that the exercise of jurisdiction would not be reasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77 (1985). Specific jurisdiction fails according to each of these three prongs.

As to the first two prongs, Columbia cannot show a connection between the alleged actions undertaken by the Seirus Individuals and Oregon. The only alleged connection relates to certain filings and motions made by the Seirus corporation in litigation brought by Columbia in Oregon. Jurisdiction over the individuals in this case cannot, though, be based on

participation in prior litigation in the same forum state. Unlike a situation where a party intentionally goes into a forum state and files a suit there (thus purposefully availing herself of the laws of the forum state), simply defending against claims is insufficient. *See Dow Chem. Co. v. Calderon*, 422 F.3d 827, 835–36 (9th Cir. 2005) ("Without an independent affirmative decision to seek relief in our courts, there can be no imputation of a conscious decision to settle all aspects of a dispute here."). "A party's consent to jurisdiction in one case does not subject it to jurisdiction in another case." *Pfister v. Selling Source, LLC*, 931 F. Supp. 2d 1109, 1116 (D. Nev. 2013). The case against jurisdiction is even stronger here, because Seirus did not even consent to personal jurisdiction in the prior case and, ultimately, the Court ordered the case transferred out of Oregon on venue grounds.

What's more, none of the Seirus Individuals were parties to the patent infringement lawsuit. Jurisdiction over employees or officers of a corporation requires a separate analysis from the determination as to jurisdiction over the corporation. *See Keeton v. Hustler Magazine*, 465 U.S. 770, 781 n.13 (1984) (explaining that "jurisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs him"); *cf. Daimler AG v. Bauman*, 571 U.S. 117, 134 (2014) (refusing to impute activities of a subsidiary to its parent corporation to establish jurisdiction). Yet Columbia's jurisdictional allegations against the defendants are primarily based on alleged actions taken by Seirus, ***not*** the individuals. (*See* FAC, at ¶¶ 30–32.) Columbia's only allegation against the Seirus Individuals is that they provided declarations "cited" by Seirus in the prior case. (*See id.*) That is far too attenuated to allow the Court to exercise personal jurisdiction over them in this case. *See Walden*, 571 U.S. at 284 ("For a State to exercise jurisdiction consistent with due process, the defendant's

**Page 13 - SEIRUS INDIVIDUALS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, FOR LACK OF VENUE, FOR INSUFFICIENT SERVICE, AND FOR FAILURE TO STATE A CLAIM**

suit-related conduct must create a substantial connection with the forum State."). And, as discussed above, simply participating in litigation cannot amount to sufficient contact for jurisdiction purposes.

As to the third prong, the exercise of jurisdiction by this Court would not comport with traditional notions of fair play and substantial justice. To evaluate reasonableness, the 9th Circuit uses a seven-factor balancing test that weighs: (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1487–1488 (9th Cir. 1993).

Each of these factors weighs against jurisdiction in Oregon. First, the Seirus Individuals' contacts with Oregon are minimal, if any at all. Second, the burden on the Seirus Individuals (and also the Seirus corporation) in having to defend themselves in Oregon is significant—they have to hire local counsel in Oregon and will have to travel a significant distance at significant cost to defend themselves.

Third, trying this case in Oregon might conflict with California's sovereignty and laws that protect California citizens from spurious lawsuits designed to quash First Amendment activity. Columbia alleges that the goal of the alleged scheme between Seirus and Ventex was to petition the government to cancel invalid patent claims. California has created strong protections for its citizens against suits that have the potential to "chill the valid exercise of

the constitutional rights of freedom of speech and petition for the redress of grievances." Cal. Civ. Proc. Code § 425.16 (West). A California court would be best situated to protect its own citizens' Constitutional rights.

Fourth, Oregon has only a minimal interest in this case. As noted above, only a tiny part of the alleged conspiracy took place in Oregon—a part that is legally irrelevant to determining jurisdiction. The majority of alleged acts took place in California, Korea, or Virginia. The only real connection with Oregon is the fact Columbia is based there. That fact, though, is immaterial to personal jurisdiction over the Seirus Individuals, because "it is the defendant, not the plaintiff or third parties, who must create contacts with the forum State" for the exercise of personal jurisdiction to be proper, and "the mere fact that [a defendant's] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction." *Walden*, 571 U.S. at 291.

Lastly, the Southern District of California is a more than adequate alternative forum for the efficient, convenient, and effective resolution of this controversy. It has general jurisdiction over each of the Seirus defendants and may permissibly exercise jurisdiction over the foreign Ventex defendants. It is not overburdened—the average time to trial in the SDCA, for example for a patent case, is 28 months according to Docket Navigator, which beats the national average of 35 months by 7 months. Thus there is no decline in efficiency as compared to this Court. The Southern District of California is also the most convenient and effective place for this case to be tried—the parties previously tried a patent case there without any issues, and all of Seirus' evidence is located there. (*See* Declaration of Michael Carey, ¶¶ 3, 5.)

B.   **Columbia's Theories of Personal Jurisdiction Are Both Insufficient**

1.   **Columbia's Allegations That Defendants "Purposefully Directed" Actions at Oregon Are Insufficient after *Walden***

Columbia's first personal jurisdiction theory—that the Seirus Individuals "purposefully directed [their] conduct at this forum," targeting Columbia and litigation pending in Oregon, *see, e.g.,* FAC, at ¶¶ 30–32—conflicts with the Supreme Court's recent *Walden* decision.  Before *Walden*, the 9th Circuit had allowed such a theory based on the earlier decision in *Calder v. Jones*, 465 U.S. 783 (1984).  *See, e.g., Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 675 (9th Cir. 2012).  But, in *Walden*, the Supreme Court limited *Calder* to its facts, explaining that its holding "was largely a function of the nature of the libel tort" at issue there.  *Walden*, 571 U.S. at 287.  *Walden* instead held that the analysis must focus on the relationship "the defendant *himself*" creates with the forum state," and not where the effects of tortious conduct are felt. *Id.* at 284.  *Walden* then rejected the Ninth Circuit's previous understanding that a defendant's "knowledge of [the plaintiffs'] strong forum connections," plus the "foreseeable harm" the plaintiffs suffered in the forum, comprised sufficient minimum contacts.  *Id.* at 289.

The Ninth Circuit has since recognized that *Walden* changed the law and eliminated a plaintiff's ability to rely solely on a "targeting" theory to establish personal jurisdiction.  "[A] theory of individualized targeting may remain relevant to the minimum contacts inquiry, it will not, on its own, support the exercise of specific jurisdiction, absent compliance with what *Walden* requires."  *Axiom*, 874 F.3d at 1070.  *Walden* requires a focus on the defendant's purposeful and intentional contacts with a forum state, and not the effects of extra-forum activity felt in the forum.  Under the proper analysis set forth in *Walden* as opposed to Columbia's targeting theory, jurisdiction in Oregon cannot be maintained.

2.    **RICO Does Not Confer Jurisdiction in Oregon, Because All Defendants are Subject to Jurisdiction in California**

Columbia's second jurisdictional allegation equally insufficient.  Columbia alleges that 18 U.S.C. § 1965 allows this Court to exercise personal jurisdiction over the Seirus Individuals as the "ends of justice [so] require."  (*See* FAC, at ¶ 25.)  Columbia's allegations, though, are again insufficient.  To invoke § 1965(b), "the plaintiff must show that there is no other district in which a court will have personal jurisdiction over all of the alleged co-conspirators." *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 539 (9th Cir. 1986).  Columbia cannot make this showing.

Contrary to Columbia's conclusory allegation otherwise, (FAC at ¶ 47), the Southern District of California has personal jurisdiction over all defendants.  Each Seirus defendant would be subject to general jurisdiction in the Southern District of California.  The Seirus corporate defendant has its headquarters in the Southern District of California in Poway, CA, *see* FAC, at ¶ 13, which is one of the "paradigm bases" for exercising general jurisdiction. *Daimler*, 571 U.S. at 137.  Each of the Seirus Individuals reside in San Diego, within the Southern District of California, *see* FAC, at ¶¶ 15–17, which, again, makes that "the paradigm forum for the exercise of general jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).  The only other named defendants—Ventex and its employees—are a Korean corporation and Korean nationals.  (*See* FAC, at ¶¶ 14, 18–19.)  These defendants would be subject to jurisdiction in any district in the United States, provided that the Ventex defendants have sufficient contacts with the United States.  *See* Fed. R. Civ. P. 4(k)(2); *see also Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 461 (9th Cir. 2007).

Page 17 - **SEIRUS INDIVIDUALS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, FOR LACK OF VENUE, FOR INSUFFICIENT SERVICE, AND FOR FAILURE TO STATE A CLAIM**

The only other defendants are the unnamed "John Doe Numbers 1-5." These defendants, though, do not change the analysis. Columbia knows who these individuals are but asserts it cannot name them for fear of violating a protective order from the IPR. (*See* Ex. 3 (Telephonic Hearing Transcript) at 15:2-4.) As stated above, Columbia indicated during the meet and confer process that the only John Doe it intends to name is a Seirus employee who lives in San Diego and works at the company's headquarters in Poway. (*See* Ex. 2 at 1.) But he too would be subject to jurisdiction in the Southern District of California, just like the other Seirus individuals. Columbia also indicated, at one point, that it may name some other Korean nationals from Ventex, although it has since appeared to drop this plan. Even if additional Korean nationals were added, they would also be subject to personal jurisdiction in the Southern District of California, just as the named Ventex individuals are. So § 1965(b) simply does not permit personal jurisdiction in Oregon, given the availability of the Southern District of California as an alternative forum for all defendants.

## II.    THIS COURT SHOULD DISMISS OR TRANSFER FOR IMPROPER VENUE

Columbia brought its prior patent litigation against Seirus in Oregon, but that suit was eventually transferred for improper venue. (*See Columbia Sportswear North America, Inc. v. Seirus Innovative Accessories, Inc.*, No. 3:15-cv-00064-HZ (D. Or.), D.I. 259 (Order transferring case to Southern District of California).) Columbia conceded that venue in that case was not proper in Oregon and instead argued about waiver. (*See id.* at D.I. 167 at 9-11.) Yet Columbia now maintains that venue is proper in Oregon for this suit, even though the acts underlying Columbia's claim for relief have even less connection to Oregon, and even though Columbia

has added additional defendants that have no connection to Oregon.  The Court should reject

that argument and either dismiss the case or transfer it to the Southern District of California.

### A.      Oregon Is an Improper Venue

Columbia's venue allegations are conclusory.  Columbia identifies three statutes as

supposedly supporting venue in Oregon—(1) the "general" venue provision of 28 U.S.C.

§ 1391(b)(2); (2) the RICO venue provision in 18 U.S.C. § 1965; and (3) the "residency" venue

provision of 28 U.S.C. § 1391(c)(3).  (*See* FAC, ¶ 48.)  It then alleges, without factual support,

that venue in Oregon is proper because a substantial portion of the alleged conspiracy took

place in Oregon and because Seirus and Ventex do business in Oregon.  (*Id.*)  But only a small

portion of Columbia's allegations relate to acts purportedly taken inside of Oregon.  Moreover,

Columbia cites nothing to show that Seirus and Ventex do business in Oregon.  Columbia has

thus failed to meet its burden to establish that venue in Oregon is proper.  *See Piedmont Label*,

598 F.2d at 496 (9th Cir. 1979) ("Plaintiff had the burden of showing that venue was properly

laid in the Northern District of California.").

### 1.      The "General" Venue Statute Does Not Allow Venue in Oregon

Columbia's first theory is that venue is proper under 28 U.S.C. § 1391(b)(2) because,

according to Columbia, a "substantial part of the events or omissions giving rise to Plaintiff's

claims occurred within this judicial district."  (FAC, at ¶ 48.)  But Columbia has failed to plead

sufficient facts to back up this allegation, and reciting the conclusory legal language is

insufficient.  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept

as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Columbia's allegations mention only cursory acts that took place in Oregon, none of which were actually carried out by the Seirus individuals.  Columbia points only to (1) Seirus filing a notice informing the Court that an IPR had been initiated against Columbia's patent; (2) Seirus moving to stay the patent case pending the IPR; and (3) Seirus making another oral motion to stay the patent case.  (*See, e.g.*, FAC, at ¶¶ 151, 153, 338.)  Columbia identifies no action that the Seirus Individuals took in Oregon—at most, it refers to declarations from them that Seirus filed in support of its motions to stay.  (*See* FAC, at ¶¶ 30-32.)  Likewise, Columbia's allegations against Ventex and its employees also related to prior litigation—*i.e.,* Ventex's filing of a motion to stay in another litigation brought by Columbia, and two Ventex representatives (defendants Go and Park) appearing in Oregon for IPR-related depositions after the Patent Office ordered them to do so.  All of Columbia's other allegations—which represent the bulk of the alleged conspiracy and involve payments from Seirus to Ventex, conversations and an agreement between them, and allegedly fraudulent filings at the Patent Office—took place outside of Oregon.  Because nearly all the acts alleged in Columbia's FAC took place outside of Oregon, venue in this district is improper under 28 U.S.C. § 1391(b)(2).  *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (finding venue inappropriate because "virtually all of the activity providing the basis of the complaint took place" outside of the forum state).

### 2.     RICO Does Not Provide for Venue in Oregon

Columbia also cannot invoke the federal RICO statute, 18 U.S.C. § 1965, to establish venue.  The statute provides that a RICO action "may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs."  18 U.S.C. § 1965(a).  None of the defendants are residents of Oregon, as

Columbia's complaint admits. (*See* Declaration of Michael Carey, ¶¶ 14-15; Declaration of Wendy Carey, ¶¶ 2-3; Declaration of Bob Murphy, ¶¶ 2-3; *see also* FAC, ¶¶ 15-17.) Moreover, Columbia does not allege any facts that would support a finding that any of the defendants can be "found" in Oregon—indeed, Seirus does not have any agents or employees inside Oregon (Declaration of Michael Carey, ¶ 3). *See, e.g., Van Schaick v. Church of Scientology of California, Inc.*, 535 F. Supp. 1125, 1133 (D. Mass. 1982) ("For a corporate defendant in a private action under this section to be 'found' in the district within the meaning of this section, it must be present in the district by its officers and agents carrying on the business of the corporation."). Columbia also does not allege facts that would support a finding that any of the defendants "transact their affairs" in Oregon. It instead points only to Seirus' and Ventex's participation in prior litigation in Oregon. (*See* FAC, ¶¶ 24, 26.) But the words "transacts his affairs" are "to be taken in the ordinary and usual sense in which they may be used in the business world." *Pac. Car & Foundry Co. v. Pence*, 403 F.2d 949, 953 (9th Cir. 1968) (interpreting similar language in antitrust venue statutes); *see also City of New York v. Cyco. Net, Inc.*, 383 F. Supp. 2d 526, 542 (S.D.N.Y. 2005) (looking to similar antitrust venue provision to interpret RICO venue statute). Seirus has, at most, minimal sales that wind up in Oregon, so it does not "transact" business there in any meaningful sense. *See, e.g., Gatz v. Pensoldt*, 271 F. Supp. 2d 1143, 1158 (D. Neb. 2003) ("The 'transacts his affairs' language in Section 1965(a) has been interpreted to mean that the defendants 'regularly transact business of a substantial and continuous character within the district'").

**Page 21 - SEIRUS INDIVIDUALS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, FOR LACK OF VENUE, FOR INSUFFICIENT SERVICE, AND FOR FAILURE TO STATE A CLAIM**

### 3.    The "Residency" Provision Does Not Provide Venue

Columbia is also wrong to invoke 28 U.S.C. § 1391(c)(3) in support of venue.  This section provides that a civil action may be brought in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action," but only "if there is no district in which an action may otherwise be brought as provided in this section." 28 U.S.C. § 1391(c)(3).  But, as shown above, the Court lacks personal jurisdiction over the Seirus Individuals (and Seirus).  And this case could have been brought in the Southern District of California, as most allegedly bad acts occurred there.

### B.    Even If Venue Is Technically Proper in Oregon, the Court Should Transfer the Case to the Southern District of California Because It Is the More Convenient Venue

Even if venue in Oregon is proper, this case should be transferred to the Southern District of California under 28 U.S.C. § 1404(a), because it is the most convenient and efficient district for this dispute to be resolved.  When ruling on a motion to transfer venue under § 1404(a), a district court must find both that the requested venue is one in which the case might have originally been brought and that the transfer is appropriate, taking into account the convenience of the parties and the interest of justice.  *See First Interstate Bank v. VHG Aviation, LLC*, 291 F. Supp. 3d 1176, 1179 (D. Or. 2018).  For the latter inquiry, courts consider the various factors reproduced below:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

**Page 22 - SEIRUS INDIVIDUALS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, FOR LACK OF VENUE, FOR INSUFFICIENT SERVICE, AND FOR FAILURE TO STATE A CLAIM**

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000).

These factors weigh heavily in favor of transfer. Nearly all of the relevant evidence and witnesses are in the Southern District of California. Seirus is headquartered there, all of its employees work there, and all of its documents are stored there. (*See* Declaration of Michael Carey, ¶¶ 3, 5.) "The relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a)." *McCormack v. Medcor, Inc.*, 2014 U.S. Dist. LEXIS 66502, *6 (N.D. Cal. May 14, 2014). The agreement at the center of Columbia's allegations was drafted and executed by Seirus with Ventex in California, not Oregon. Moreover, the Seirus Individuals and Seirus have little, if any contact with Oregon. By contrast, Columbia's employees and documents will have a lesser role in the case, as the alleged conspiracy is between Seirus and Ventex. Moreover, Columbia does significant business in California and is an international company with likely millions in annual sales to California, so it would face no disadvantage litigating there. These facts all strongly favor transfer.

Columbia's choice of forum is not enough to outweigh the other factors. Although there has traditionally been a "strong presumption in favor of [a] plaintiff's choice of forum, … [r]ecent authority suggests that this presumption has been overstated, and courts have given less deference to the plaintiff's choice of forum where the action has little connection with the chosen forum." *Microsoft Corp. v. TiVo, Inc.*, No. C11-00134, 2011 U.S. Dist. LEXIS 53774, at *10-11 (W.D. Wash. May 19, 2011); *see also Lightspeed Aviation, Inc. v. Bose Corp.*, 2010 U.S. Dist. LEXIS 106607, at *9 (D. Or. Sept. 30, 2010) (granting transfer despite presumption). This

litigation has little to do with Oregon, as most alleged acts took place outside the state and none of the defendants reside in Oregon.  Transfer is appropriate.

## III.   THE COURT SHOULD DISMISS WENDY CAREY AND ROBERT MURPHY BECAUSE THEY WERE NOT PROPERLY SERVED

Columbia's attempts to serve Ms. Carey and Mr. Murphy were insufficient under Oregon law.  Columbia attempted to effectuate service against Ms. Carey and Mr. Murphy by leaving copies of Columbia's original Complaint at Seirus headquarters in Poway, California when neither defendant was present.  Office service may be applicable for a person who "maintains" an office, as the Oregon rule sets out.  *See* Or. R. Civ. P. 7(D)(2)(c) (allowing for office service "[i]f the person to be served ***maintains*** an office for the conduct of business") (emphasis added).  But employees of a company, like Ms. Carey and Mr. Murphy, do not ***maintain*** an office, as they are not owners of the company.  As a result, they cannot be served through the procedures set forth in ORCP 7(D)(2).  This is dictated by the common use of the word "maintain," and Oregon Courts have recognized the difference between an owner (who does maintain an office) and mere employees.  *See Carlson v. Martin*, 160 Or App 350, 361 (1999), *rev den,* 329 Or 287 (1999) ("Whether a mere employee of a business qualifies as maintaining an office for the 'conduct of business' is not an issue in this case and we imply no opinion on the question.").  Owners maintain an office at their company, but employees do not because it is the company that maintains the office for the employee, not the other way around.

## IV.    COLUMBIA'S COMPLAINT FAILS TO ADEQUATELY STATE ANY CLAIMS FOR RELIEF

Finally, Columbia's complaint should be dismissed under Rule 12(b)(6), because it fails to adequately state a claim upon which relief may be granted.  The Seirus corporate defendant explains the grounds for dismissal under Rule 12(b)(6) in its concurrently-filed motion, and those grounds apply equally to the Seirus Individuals, who therefore join that motion in full.

## <u>CONCLUSION</u>

For the reasons above, the Seirus Individuals ask the Court to grant the requested relief.

Dated:  April 12, 2019                    Respectfully Submitted,

                                          FISH & RICHARDSON P.C.

                                          *s/ Seth M. Sproul*
_____

                                          Christopher S. Marchese (*pro hac vice*)
                                          Seth M. Sproul (*pro hac vice*)
                                          Oliver J. Richards (*pro hac vice*)
                                          Tucker N. Terhufen (*pro hac vice*)
                                          marchese@fr.com
                                          sproul@fr.com
                                          orichards@fr.com
                                          terhufen@fr.com

                                          MARKOWITZ HERBOLD PC

                                          Renée Rothauge, OSB # 903712
                                          ReneeRothauge@markowitzherbold.com
                                          Harry B. Wilson, OSB #077214
                                          HarryWilson@markowitzherbold.com

                                          *Attorneys for Defendant Seirus Innovative Accessories, Inc.*

**Page 26 - SEIRUS INDIVIDUALS' MOTION TO DISMISS FOR LACK OF PERSONAL
    JURISDICTION, FOR LACK OF VENUE, FOR INSUFFICIENT SERVICE,
    AND FOR FAILURE TO STATE A CLAIM**

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief is in compliance with Oregon Local Rule 7-2(b).  The brief contains, 7,736 words as determined by Microsoft Word including headings, footnotes and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.


Dated:  April 12, 2019                    Respectfully Submitted,

                                          FISH & RICHARDSON P.C.

                                          *s/ Seth M. Sproul*
                                          Seth M. Sproul