**Nika Aldrich,** OSB #160306
Email: naldrich@schwabe.com
**David W. Axelrod**, OSB #750231
Email: daxelrod@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Facsimile: 503-796-2900

*Attorneys for Plaintiff
 Columbia Sportswear North America, Inc.*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **COLUMBIA SPORTSWEAR NORTH AMERICA, INC.,** an Oregon corporation,<br><br>Plaintiff,<br><br>v.<br><br>**SEIRUS INNOVATIVE ACCESSORIES, INC.**, a Utah corporation, **VENTEX CO., LTD.**, a foreign company, **MICHAEL J. CAREY**, an individual, **WENDY M. CAREY**, an individual, **ROBERT (BOB) MURPHY**, an individual, **KYUNG-CHAN GO**, an individual, **MAN-SIK (PAUL) PARK**, an individual, and **JOHN DOE NUMBERS 1-5**, individuals,<br><br>Defendants. | Case No. 3:19-cv-137-SI<br><br>**PLAINTIFF COLUMBIA SPORTSWEAR NORTH AMERICA, INC.'S NOTICE OF INTENT TO FILE A SECOND AMENDED COMPLAINT AND MOTION TO STAY BRIEFING ON SEIRUS'S TWO MOTIONS TO DISMISS UNTIL AFTER THE FURTHER AMENDED COMPLAINT IS FILED**<br><br>**Oral Argument Requested at the April 29, 2019 Hearing**<br><br>**EXPEDITED HEARING REQUESTED** |

Page 1 -   COLUMBIA'S NOTICE OF INTENT TO FILE SECOND
AMENDED COMPLAINT AND MOTION TO STAY
BRIEFING OF SEIRUS'S TWO MOTIONS TO DISMISS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

## LR 7-1 CERTIFICATION

Counsel for Columbia Sportswear conferred with counsel for Defendants Seirus Innovative Accessories, Inc., Mike Carey, Wendy Carey and Bob Murphy (collectively "Seirus") on April 15, 2019 and again on April 18, 2019. The parties were unable to resolve the subject of this motion. Counsel for Columbia Sportswear therefore respectfully requests the Court's assistance in settling the present dispute.

The parties also discussed Columbia Sportswear's request that the Court hear this motion at the April 29, 2019 hearing. Seirus's counsel has indicated that it will oppose the request for expedited consideration or hearing on April 29.

## NOTICE OF INTENT AND MOTION

On April 12, 2019, Seirus filed two Rule 12(b) motions to dismiss (Dkt. 59, 64), and has indicated its intention to file a motion to strike the complaint based on state Anti-SLAPP laws. (Dkt. 67, p. 6) (herein collectively "Seirus's Motions"). Each of these motions is based on fact intensive issues such as lack of personal jurisdiction, lack of venue, and failure to state a claim. (Dkts. 59 & 64.)

Columbia hereby notifies the Court that, once it is allowed to rely on the Restricted Facts, it intends to file a Second Amended Complaint pleading further facts relevant to Seirus's motions, consistent with the discussion before the Court on February 14, 2019. Columbia therefore respectfully moves this Court to stay further briefing on Seirus's Motions until after Columbia's Second Amended Complaint is filed.

## STATEMENT OF FACTS

Columbia filed its Complaint in this case on January 29, 2019. (Dkt. 1.) The Complaint alleges that Seirus, Ventex, and the individual defendants engaged in racketeering, malicious

Page 2 -   COLUMBIA'S NOTICE OF INTENT TO FILE SECOND
           AMENDED COMPLAINT AND MOTION TO STAY
           BRIEFING OF SEIRUS'S TWO MOTIONS TO DISMISS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

prosecution, and other wrongdoing in relation to proceedings filed with the Patent Trial and Appeal Board and this Court. As noted in the Complaint:

> Substantial discovery has already occurred concerning the IPR Funding Contract and the conspiracy to defraud in connection with the proceedings at the Patent Office. Numerous briefs have been filed, tens of thousands of documents have been produced, depositions have been taken, including in Oregon, subpoenas have been served, and the PTAB has hosted numerous conference calls on the issue. A substantial amount of the information concerning the unlawful conspiracy is subject to pending motions to seal pursuant to a stipulation between the parties to the Ventex IPRs to follow a proposed form of protective order in the Ventex IPRs. When discovery opens in this case, or when this Court or the PTAB allows discovery from the Ventex IPRs to be used in this case, additional co-conspirators may be named as co-defendants, including attorneys, other corporate executives or others who drafted, negotiated or signed the relevant documents or otherwise participated in or furthered the fraudulent IPR Funding Contract and conspiracy.

(Dkt. 1 ¶ 11.)

On February 7, 2019, Columbia filed a motion for an interim protective order as a first step in allowing it to use facts that are currently subject to the IPR protective orders (the "Restricted Facts") in this case. (Dkt. 6.)

On February 14, 2019, this Court held a status conference at which it discussed procedures for resolving the protective order motion. (Dkt. 20.) When asked by the Court whether Columbia would be prejudiced from having decision on the motion delayed, Columbia explained that many of the Restricted Facts in its possession will likely be responsive to any motions Defendants may file, including motions to dismiss for lack of personal jurisdiction. (Dkt. 47-1, p. 8 at 13:5-9.)[1] Columbia wanted to ensure it would have the right to use all of the currently Restricted Facts in responding to Defendants' early motions in this case.

The Court ordered that it would allow Columbia extensions of any time to respond to motions that Defendants may file until after Columbia had the right to use the Restricted Facts in

---

[1] The page number referenced, refers to the ECF page number.

Page 3 - COLUMBIA'S NOTICE OF INTENT TO FILE SECOND AMENDED COMPLAINT AND MOTION TO STAY BRIEFING OF SEIRUS'S TWO MOTIONS TO DISMISS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

this case:

> "[If] Seirus or another defendant files a motion, and you're not ready to respond yet because some of the documents and information you need to respond is still under a protective order in the PTAB that I haven't released, just tell me that, ask for an extension. You will get your extension.
>
> If they file a motion, whether it be a jurisdictional motion, personal jurisdiction, something else, venue, or anything else that you need time to respond to, and you don't have the facts yet, I'm not going to force you to respond prematurely."

(*Id.*, at pp. 8-9, at 13:20-14:5.)

On April 12, 2019, Seirus filed two motions to dismiss. The first, filed by Defendants Mike Carey, Wendy Carey, and Robert Murphy, Seirus's executives, seeks to dismiss the case for lack of personal Jurisdiction, for lack of venue, for insufficient service, and for failure to state a claim. (Dkt. 59.) The second, filed by Seirus, seeks to dismiss the case for lack of personal jurisdiction, lack of venue, and for failure to state a claim. (Dkt. 64.) Seirus and its executives then purport to join the other's independent motion and thereby file two motions to dismiss.[2] On April 15, 2019, Seirus and Columbia met and conferred in advance of Seirus's intent to file a motion to strike the First Amended Complaint based on Oregon Anti-SLAPP laws. (Dkt. 68 ¶ 7.) According to Seirus's counsel, the Anti-SLAPP motion will rely generally on the same

---

[2] To be clear, Seirus filed *two* motions to dismiss, in violation of the Federal Rules and the Local Rules. *See, e.g.* L.R.7-1(c). In advance of its filings, Seirus asked whether Columbia would oppose a motion by Seirus to file a 65-page opening brief. When Columbia stated that it would oppose, Seirus instead filed two motions, one facially filed on behalf of the Seirus entity and the other facially filed on behalf of its executives. But it is clear that all Seirus defendants are relying on both briefs in order to extend this Court's liberal 35-page restriction. (*See* Dkt. 59, ECF p. 32 (relying entirely on Dkt. 64 for the individuals' failure to state a claim defense); *see also* Dkt. 64, ECF p. 12 (relying on Dkt. 59 for the entity's personal jurisdiction and venue defenses)).

Page 4 -   COLUMBIA'S NOTICE OF INTENT TO FILE SECOND
AMENDED COMPLAINT AND MOTION TO STAY
BRIEFING OF SEIRUS'S TWO MOTIONS TO DISMISS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

arguments raised in the motions to dismiss.[3]

I. **STANDARD FOR A MOTION TO STAY.**

District courts have inherent authority to stay proceedings before them. *Rohan ex rel. Gates v. Woodford*, 334 F.3d 803, 817 (9th Cir. 2003), *abrogated on other grounds by, Ryan v. Gonzales*, 568 U.S. 57 (2013). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Polymer Tech. Sys., Inc. v. Jant Pharmacal Corp.,* No. 15CV02585, 2015 WL 10015965 (C.D. Cal. May 21, 2015) (quoting *Landis v. N. Am. Co.,* 299 U.S. 248, 254-55 (1936)).

Where it is proposed that a pending proceeding be stayed, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *S.E.C. v. 3 Eagles Research & Dev. LLC,* 3:12-CV-01289-ST, 2014 WL 1269489, at *3 (D. Or. Mar. 26, 2014) (*citing, CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). Among these competing interests are: "the possible damage which may result from the granting of a stay," the "hardship or inequity which a party may suffer in being required to go forward," and "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.*

II. **STANDARD REQUIRING DISCOVERY FOR AN ANTI-SLAPP MOTION.**

In addition to procedural defects in Seirus's Motion to Strike, Columbia can overcome any Anti-SLAPP motion that Seirus may seek leave to bring by showing "a probability that [it] will prevail on the claim by presenting substantial evidence to support a *prima facie* case." ORS

---

[3] According to Seirus's counsel, its Anti-SLAPP motion will not challenge the federal RICO claims. "Oregon's anti-SLAPP statute is simply inapplicable to federal claims." *Consumer Cellular, Inc. v. ConsumerAffairs.com*, 2016 WL 7238919, at *4 (D. Or. Sept. 26, 2016).

Page 5 -   COLUMBIA'S NOTICE OF INTENT TO FILE SECOND
              AMENDED COMPLAINT AND MOTION TO STAY
              BRIEFING OF SEIRUS'S TWO MOTIONS TO DISMISS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

31.150(3).  This is "a low bar" for plaintiffs to overcome and it does not require "that a plaintiff prove its case before being allowed to proceed further."  *Wickenkamp v. Hostetter Law Grp., LLP*, 2016 WL 10677908, at *3 (D. Or. July 14, 2016) (citation omitted).

"[W]hen a special motion to strike is filed pursuant to Oregon's anti-SLAPP statute in federal court, . . . ***discovery must be permitted*** where it would be necessary for the plaintiff to adequately oppose the motion."  *Wickencamp*, 2016 WL 10677908, at *16, *20 (emphasis added).

### III. THESE FACTORS WEIGH IN FAVOR OF STAYING BRIEFING ON SEIRUS'S FACT-INTENSIVE MOTIONS UNTIL THIS COURT OR THE PTAB AUTHORIZES COLUMBIA TO PLEAD AND DISCLOSE IN THIS COURT THE RESTRICTED FACTS.

The parties have already briefed the relative balancing of these factors in relation to Seirus's motion to stay ruling on Columbia's motion for an interim protective order.  (*See* Dkts. 29, 46.)

As explained at the February 14 status conference, Columbia would be prejudiced from having to respond to Seirus's proposed motions to dismiss without being able to plead and present Restricted Facts—facts that are known to it but currently subject to protective order.

Other than the insufficient process defense, all of the defenses raised by Seirus and the Seirus executives are fact-intensive issues that implicate and are materially informed by the Restricted Facts.[4]  Personal jurisdiction and venue are quintessential fact-intensive issues, and the Court has already recognized that further factual development may be relevant to those defenses.  (Dkt. 47-1, pp. 8-9 at 13:20-14:5.)  Defendants' failure to state a claim defense is similar, and relies on fact-intensive theories.  For example, as part of that defense, Seirus asserts

---

[4] Logically, Columbia cannot explain the facts it intends to rely on to overcome Seirus's motion without violating the protective order in the IPRs.  Seirus has repeatedly invited Columbia to make this mistake while falsely asserting that Columbia has done so.

Page 6 -   COLUMBIA'S NOTICE OF INTENT TO FILE SECOND
           AMENDED COMPLAINT AND MOTION TO STAY
           BRIEFING OF SEIRUS'S TWO MOTIONS TO DISMISS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

that Ventex's IPRs and Seirus's motions to stay district court litigation based on the IPRs were protected by the First Amendment under the *Noerr-Pennington* Doctrine and "litigation privilege." (Dkt. 64, ECF p. 16-28.) However, as Seirus recognizes, there is a "sham exception" to those doctrines where the actions brought are "objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits." (*Id.* ECF pp. 20 & 28.) Facts further substantiating that the IPRs were a sham are currently subject to the IPR Protective Orders, so it would be inefficient and prejudicial to Columbia to require it to respond to Seirus's First Amendment arguments until the Restricted Facts are available.

Seirus also argues that Columbia has failed to state a claim of RICO violations because it has not identified a "pattern" of racketeering activity. (*Id.*, ECF pp. 31-38.) The Complaint relies on mail fraud and wire fraud as racketeering activities. Seirus argues that there are not enough such acts of mail or wire fraud alleged but also recognizes, as it must, a number of additional communications referenced in the Complaint. As to these additional communications, Seirus argues that Columbia has not yet pleaded sufficient facts for any of those communications to constitute wire fraud, mail fraud, or other racketeering acts. (*Id.*, ECF pp. 33-34.) But the material facts about those communications are currently subject to the IPR protective orders—they are among the Restricted Facts. Clearly, Columbia will be able to provide additional facts concerning such communications once it is allowed to rely on the Restricted Facts.

Seirus will not be prejudiced from Columbia being able to rely on all facts known to it in responding to the motions to dismiss. And the Court has already considered the "orderly course of justice," ordering that any such Rule 12 motions would be stayed until after Columbia has the right to plead and rely on Restricted Facts.

Seirus may argue that its failure to state a claim defense relies on multiple theories, and

Page 7 - COLUMBIA'S NOTICE OF INTENT TO FILE SECOND AMENDED COMPLAINT AND MOTION TO STAY BRIEFING OF SEIRUS'S TWO MOTIONS TO DISMISS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

that some of those theories can be fully briefed without further factual development. Columbia disputes that contention. Regardless, such piecemeal briefing in relation to individual portions of a defense serves no benefit to anyone, and there is no prejudice to Seirus in allowing Columbia to fully lay out its case and the facts in its possession before responding to the motions to dismiss.

## CONCLUSION

For these reasons, the Court should stay briefing on any Anti-SLAPP motion Seirus may file, in addition to the motions to dismiss based on defenses of personal jurisdiction, venue, and failure to state a claim, until 28 days[5] after Columbia serves a Second Amended Complaint relying on the Restricted Facts.

Dated this 23rd day of April, 2019.

Respectfully submitted,

SCHWABE, WILLIAMSON & WYATT, P.C.

By: s/ *Nika Aldrich*
Nika Aldrich, OSB #160306
David W. Axelrod, OSB #750231
Telephone: 503.222.9981
Facsimile: 503.796.2900

*Of Attorneys for Plaintiff*
*Columbia Sportswear North America, Inc.*

---

[5] Given that Seirus filed, in essence, a 60-page brief, *see* n. 2, above, Columbia respectfully requests 28 days to respond.

Page 8 - COLUMBIA'S NOTICE OF INTENT TO FILE SECOND AMENDED COMPLAINT AND MOTION TO STAY BRIEFING OF SEIRUS'S TWO MOTIONS TO DISMISS

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900