# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **COLUMBIA SPORTSWEAR NORTH AMERICA, INC.**, | Case No. 3:19-cv-137-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **SEIRUS INNOVATIVE ACCESSORIES, INC.; VENTEX CO., LTD.; MICHAEL J. CAREY; WENDY M. CAREY; ROBERT (BOB) MURPHY; SCOTT DENIKE; KYUNG-CHAN GO; and MAN-SIK (PAUL) PARK**, | |
| Defendants. | |

Nicholas F. Aldrich, Jr., David W. Axelrod, and Erin M. Forbes, Sᴄʜᴡᴀʙᴇ, Wɪʟʟɪᴀᴍsᴏɴ & Wʏᴀᴛᴛ ᴘᴄ, 1211 SW Fifth Avenue, Suite 1600, Portland, OR 97204. Of Attorneys for Plaintiff.

Renee E. Rothauge and Harry B. Wilson, Mᴀʀᴋᴏᴡɪᴛᴢ Hᴇʀʙᴏʟᴅ ᴘᴄ, 1455 SW Broadway, Suite 1900, Portland, OR 97201; Christopher S. Marchese, Seth M. Sproul, Oliver J. Richards, Tucker N. Terhufen, and John W. Thornburgh, Fɪsʜ & Rɪᴄʜᴀʀᴅsᴏɴ ᴘᴄ, 12390 El Camino Real, San Diego, CA 92130. Of Attorneys for Defendants Seirus Innovative Accessories, Inc.; Michael J. Carey; Wendy M. Carey; Robert Murphy; and Scott DeNike.

Kurt M. Rylander and Mark E. Beatty, Rʏʟᴀɴᴅᴇʀ & Assᴏᴄɪᴀᴛᴇs ᴘᴄ, 406 West 12th Street, Vancouver, WA 98660. Of Attorneys for Ventex Co., Ltd.

**Michael H. Simon, District Judge.**

Pending before the Court is Defendants Seirus Innovative Accessories, Inc., Michael J. Carey, Wendy M. Carey, Robert Murphy, and Scott DeNike's Motion to Stay and Request for Certification for Interlocutory Appeal ("Defendants' Motion"). For the reasons that follow, Defendants' Motion is granted in part and denied in part.

## BACKGROUND

Plaintiff Columbia Sportswear North America, Inc. ("Columbia") alleges that Defendants Seirus Innovative Accessories, Inc. ("Seirus"); Ventex Co., Ltd. ("Ventex"); and their officers, directors, and agents engaged in a scheme to defraud Columbia and the U.S. Patent and Trademark Office ("PTO"). In its Second Amended Complaint, Columbia alleges that the Defendants violated the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1964(c), (d); violated the Oregon Racketeer Influenced and Corrupt Organizations Act ("ORICO"), Or. Rev. Stat. ("ORS") § 166.725(7)(a)(B); committed fraud under Oregon and Virginia common law; engaged in a civil conspiracy to commit fraud in violation of both Virginia Code § 18.2-499 and Virginia common law; and engaged in abuse of process under Virginia common law. Defendants Seirus, Michael J. Carey ("Mr. Carey"), Wendy M. Carey ("Ms. Carey"), Robert Murphy ("Mr. Murphy"), and Scott DeNike ("Mr. DeNike") (collectively, the "Seirus Defendants") previously filed a total of four motions to dismiss or strike. On December 2, 2019, this District Court denied those motions in a written decision ("Opinion and Order"). ECF 156. In that Opinion and Order, the Court summarized Plaintiff's factual allegations, which will not be repeated here. *See* ECF 156 at 2-6.

On December 11, 2019, the Seirus Defendants filed an interlocutory appeal with the Ninth Circuit, challenging under Oregon's anti-SLAPP statute the portion of the Opinion and Order that denied their motion to dismiss all state claims. *See* Ninth Circuit Case No. 19-36047.

On December 13, 2019, the Seirus Defendants filed before this District Court the pending request for certification and motion to stay. On December 23, 2019, the Seirus Defendants filed with the Ninth Circuit a motion to expedite their interlocutory appeal and to stay the action in this District Court. The Ninth Circuit has not yet ruled on the Seirus Defendants' motion to expedite the interlocutory appeal or to stay the action in this District Court.

On December 20, 2019, the Seirus Defendants filed with the Ninth Circuit a Petition for Writ of Mandamus and Motion to Stay, challenging the portion of the Opinion and Order that denied their motion to dismiss on grounds of personal jurisdiction. *See* Ninth Circuit Case No. 19-73247. On January 23, 2020, the Ninth Circuit denied the Seirus Defendants' mandamus petition and denied as moot their motion to stay.

## DISCUSSION

### A.      Seirus Defendants' Request for Certification for Interlocutory Appeal

Pursuant to 28 U.S.C. § 1292(b), the Seirus Defendants seek certification from this Court for interlocutory review of the portion of the Opinion and Order that denied their motion to dismiss Plaintiff's federal RICO claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Interlocutory Appeals Act of 1958, 28 U.S.C. § 1292(b), created a two-tiered "screening procedure" to preserve an appropriate relationship between a federal trial court and a federal appellate court and to restrict the availability of interlocutory review to "appropriate cases." *Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1708 (2017) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 474-75 (1978)). For a party to obtain review under § 1292(b), the district court must certify that the interlocutory order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id*. The court of appeals may

then, "in its discretion, permit an appeal to be taken from such order." *Id.*; *see also Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011).

Concerning the requirement that there be a "controlling question of law," the Ninth Circuit explained:

> While Congress did not specifically define what it meant by "controlling," the legislative history of 1292(b) indicates that this section was to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation.

*State of Arizona v. Ideal Basic Industries (In re Cement Antitrust Litig.)*, 673 F.2d 1020, 1026 (9th Cir. 1982). The Ninth Circuit rejected the view "that a question is controlling if it is one the resolution of which may appreciably shorten the time, effort, or expense of conducting a lawsuit." *Id.* at 1027. The Ninth Circuit stated: "The precedent in this circuit has recognized the congressional directive that section 1292(b) is to be applied sparingly and only in exceptional cases, and that the 'controlling question of law' requirement be interpreted in such a way to implement this policy." *Id.*

Regarding the requirement that there is "substantial ground for difference of opinion" on the controlling question of law, the Ninth Circuit explained:

> A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed. Stated another way, when *novel legal issues* are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent.

*Reese*, 643 F.3d at 688 (emphasis added) (footnote omitted).

In the Seirus Defendants' opening brief in support of their request for certification under § 1292(b), the Seirus Defendants expressly presented only one proposed controlling question of law. They stated: "whether *Noerr-Pennington* applies to dismiss the federal RICO claim is a

controlling question of law." ECF 182 at 9. In support of their argument that there are substantial

grounds for difference of opinion, the Seirus Defendants explained: "an appellate court could

find that Ventex's assertion of real party in interest was not objectively baseless under

controlling Federal Circuit law at that time (or now)." *Id.* at 10. In response, Plaintiff argued that

"whether *Noerr-Pennington* applies to dismiss the federal RICO claim" requires a factually

intensive analysis. ECF 189 at 13. Plaintiff added: "Moreover, the question here is not whether

the *Noerr-Pennington* doctrine applies; it is whether the 'sham' or 'fraud' exception to that

doctrine has been sufficiently pled." *Id.* In reply, the Seirus Defendants modified their proposed

controlling question of law. They state, "the actual question of law is whether Ventex's assertion

that it was the real party in interest was objectively baseless." ECF 193 at 36.

As the Court noted in denying the Seirus Defendants' motion to dismiss Plaintiff's RICO

claims, the *Noerr-Pennington* doctrine does not immunize conduct if the petition or litigation at

issue is a "sham," and a sham petition is one that is both objectively and subjectively baseless.

ECF 156 at 13. The Court held:

> Columbia has sufficiently alleged that the Ventex IPR [*inter partes*
> review] petitions (and related motion to stay the Seirus Oregon
> Action) were objectively baseless. Columbia alleges that the IPR
> Funding Contract was a sham and merely a means for Seirus
> secretly to fund the Ventex IPRs and circumvent the statutory
> time-bar in the patent laws, rather than a bona fide exclusivity
> agreement or other legitimate business arrangement. Any
> reasonable litigant who was aware of the alleged true purpose of
> the IPR Funding Contract between Seirus and Ventex and the
> surrounding transactions, Columbia argues, would necessarily
> conclude that *Seirus was a real party in interest* in the Ventex
> IPRs. Indeed, that is what the PTAB [Patent Trial and Appeal
> Board] concluded after the alleged sham was uncovered. Thus,
> argues Columbia, any reasonable litigant with this knowledge
> would know that the Ventex IPRs and related motion to stay filed
> in the Seirus Oregon Action were time-barred. This, according to
> Columbia, shows that those actions were both objectively and
> subjectively baseless.

*Id.* at 14 (emphasis added).

The relevant question for the purpose of Plaintiff's RICO claims is not whether Ventex's assertion that *it* was the real party in interest was objectively baseless but instead whether that statement was a misleading half-truth in light of Ventex's failure to disclose that *Seirus* also was a real party in interest (and, relatedly, whether that half-truth by omission was objectively baseless). As the Court noted in its Opinion and Order, 35 U.S.C. § 312(a)(2) requires an IPR petitioner to identify in the IPR *all* real parties in interest. ECF 156 at 4. Further, if the petitioner identifies as a real party in interest a party that is time-barred under 35 U.S.C. § 315(b), as Seirus allegedly was, the PTAB must, by statute, deny the petition for IPR. *Id.* Thus, the key question before this Court concerning whether Plaintiff had adequately pleaded a "sham" sufficient to deny the Seirus Defendants the benefit of the *Noerr-Pennington* doctrine is whether Ventex's failure to disclose *Seirus* as a real party in interest, either in addition to or instead of Ventex, was objectively baseless. The Court concluded that Plaintiff's Second Amended Complaint adequately alleged such a sham.

Finally, that question is not a question of *law*, regardless of whether it is controlling and regardless of whether there is a substantial ground for difference of opinion. As then-Chief Judge Posner wrote in a decision of the Seventh Circuit:

> We think "question of law" as used in section 1292(b) has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine rather than to whether the party opposing summary judgment had raised a genuine issue of material fact. . . . We think [the framers of § 1292(b)] used "question of law" in much the same way a lay person might, as referring to a "pure" question of law rather than merely to an issue that might be free from a factual contest. The idea was that if a case turned on a pure question of law, *something the court of appeals could decide quickly and cleanly without having to study the record*, the court should be enabled to do so without having to wait till the end of the case.

*Ahrenholz v. Bd. of Trus. of the Univ. of Ill.*, 219 F.3d 674, 676-77 (7th Cir. 2000) (emphasis added).

The specific question posed by the Seirus Defendants of whether stating that *Ventex* is a real party in interest in the IPR was objectively baseless is not a "controlling" question. Its answer will not significantly affect this litigation. On the other hand, whether failing to disclose that *Seirus* was—or also was—a real party in interest in the IPR was objectively baseless is a controlling question. Indeed, much of the lawsuit will likely rise or fall on the answer to that question. To answer that question, however, requires a deep dive into the facts of this lawsuit. It is not a pure question of law and, thus, is not a controlling question of *law*. Moreover, if the facts are as Plaintiff has alleged them to be in its Second Amended Complaint, that is, if Plaintiff can prove what it has alleged, the answer to that question does not appear to be susceptible to a substantial difference of opinion. Thus, the central issue, about which the Court expresses no opinion at this stage, is whether Plaintiff has enough evidence to warrant a trial and, if successful, a verdict. That, however, is not a matter appropriate to certify for interlocutory review under § 1292(b). Accordingly, the Court denies the Seirus Defendants' motion for certification.

**B.      Seirus Defendants' Motion to Stay Pending Interlocutory Appeal**

The Seirus Defendants also move to stay *all* proceedings in this Court while the Ninth Circuit considers the Seirus Defendants' interlocutory appeal, under Oregon's anti-SLAPP statute, of this Court's denial of their motion to dismiss all state claims. At the minimum, the Seirus Defendants move to stay all state law claims asserted in this action while their Ninth Circuit appeal proceeds. They argue that their appeal automatically stays the state law claim in this action, that not staying the state law claim would vitiate the Seirus Defendants' immunity from suit under Oregon's anti-SLAPP statute, and that not staying the state law claims would run

afoul of jurisdictional divestiture rules. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control *over those aspects of the case involved in the appeal*.") (emphasis added); *see also City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001) ("[T]he filing of a notice of interlocutory appeal divests the district court of jurisdiction *over the particular issues involved in that appeal*.") (emphasis added). Accordingly, the Court stays all aspects of this action that are specifically related to Plaintiff's state claims (Oregon and Virginia) until the Ninth Circuit has resolved the pending interlocutory appeal.[1]

The Seirus Defendants, however, ask for more. They also ask this Court to stay Plaintiff's federal RICO claims. As explained by the Ninth Circuit:

> A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants. The exertion of this power calls for the exercise of a sound discretion. Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

---

[1] The Seirus Defendants argue that Plaintiff's state claims under Oregon law must be stayed pending interlocutory appeal and further request that all claims be stayed pending appeal. Plaintiff argues that no claims should be stayed but adds that if this Court were to stay Plaintiff's state claims under Oregon law, Plaintiff should be allowed to proceed under its federal RICO claims. Neither side spends much time discussing Plaintiff's state claims under Virginia law. Out of an abundance of caution, the Court will treat Plaintiff's state claims under Virginia law in the same way that the Court treats Plaintiff's state claims under Oregon law. Moreover, doing so would not appear to cause undue prejudice to any party.

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis v. North American Co.*, 299 U.S. 248, 254-255 (1936)).

Applying the first *Landis* factor to this case, the Court notes the possible damage that may result from the granting of a stay. "Delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Blue Cross and Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007) (citation and quotation marks omitted). Because Plaintiff's federal RICO claims will go forward regardless of what happens to Plaintiff's state claims, the parties should gather their discovery sooner rather than later. Addressing the second *Landis* factor, again because Plaintiff's federal RICO claims will go forward regardless of what happens to Plaintiff's state claims, there is no, or at most minimal, hardship or inequity to the Seirus Defendants in requiring them to defend against Plaintiff's federal RICO claims while the interlocutory appeal on Plaintiff's state claims continues. The final *Landis* factor involves the orderly course of justice. Here, it would seem to make little or no sense to bifurcate the trial of the federal RICO claims from the trial of the state law claims, assuming that those claims eventually return from the Ninth Circuit to be tried. Accordingly, the Court will allow discovery to proceed on Plaintiff's federal RICO claims but will not schedule a trial in this matter until the pending interlocutory appeal on the state claims has been resolved.

## CONCLUSION

Defendants Seirus Innovative Accessories, Inc., Michael J. Carey, Wendy M. Carey, Robert Murphy, and Scott DeNike's Motion to Stay and Request for Certification for Interlocutory Appeal (ECF 182) is GRANTED IN PART AND DENIED IN PART. The Court denies the Seirus Defendants' motion for certification under § 1292(b), the Court stays all proceedings in this action that are specifically related to Plaintiff's state claims (Oregon and Virginia) until the Ninth Circuit has resolved the pending interlocutory appeal, discovery may

proceed on Plaintiff's federal RICO claims, and the Court will refrain from setting a trial date until the Ninth Circuit has resolved the pending interlocutory appeal.

**IT IS SO ORDERED**.

DATED this 24th day of January, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge